UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHAEL HOWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 23-1033 |
| C.O. VANSAGHI, *et al.* | ) ) ) |
| Defendants. | ) |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently detained at Peoria County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that the named defendants refused to provide medical care for a condition he does not disclose. Plaintiff alleges that he lost consciousness in a transport van on at least one occasion, that the defendants walked past him while he was lying on the floor, and that a doctor refused to order diagnostic testing.

Detainees have a right to adequate medical care under the Due Process Clause of the Fourteenth Amendment. *Burton v. Downey*, 805 F.3d 776, 784 (7th Cir. 2015). To prevail, Plaintiff must show that an official's deliberate or reckless conduct was objectively unreasonable. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352-53 (7th Cir. 2018). Specifically, a plaintiff must show that (1) he suffered from an objectively serious medical condition; and (2) that the officials' responses to it were objectively unreasonable. *Williams v. Ortiz*, 937 F.3d 936, 942-943 (7th Cir. 2019).

Plaintiff may be able to state a constitutional claim, but he has not provided enough information regarding the medical condition for which he sought treatment. Absent this information, a plausible inference does not exist that jail officials' actions were objectively unreasonable. The Court finds that Plaintiff fails to state a constitutional claim. Plaintiff's allegations also appear similar to allegations he made in another lawsuit. *See Howell v. Gorsi*, No. 23-1028 (C.D. Ill.).

Plaintiff's complaint is dismissed with leave to renew pursuant to the instructions below to allow Plaintiff an opportunity to clarify his allegations and provide any additional information he wishes the Court to consider.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Plaintiff's motion for counsel [4] is denied, with leave to renew upon demonstrating that he made attempts to hire his own counsel.** *Pruitt v. Mote*, **503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the**

**responses. Plaintiff indicates that he is a college graduate, he has personal knowledge of the facts, and he appears able to convey the facts to the Court at this stage.**

Entered this 21st day of March, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE
